**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH L. MIZZONI, | No. 14-16615 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00186-LRH-WGC |
| v. | |
| E. K. McDANIEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Joseph L. Mizzoni, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging First and

Fourteenth Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's ruling on cross-motions for summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we may affirm on any ground supported by the record, *Enlow v. Salem-Keizer Yellow Cab Co.,* 389 F.3d 802, 811 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Mizzoni's First Amendment retaliation claim based on his litigation in state court because Mizzoni failed to raise a genuine dispute of material fact as to whether any defendant took adverse action against him because of his protected conduct.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).  Summary judgment on Mizzoni's retaliation claim based on his filing of grievances was proper for the same reason.  *See id.*

The district court properly granted summary judgment on Mizzoni's Fourteenth Amendment due process claim because Mizzoni failed to raise a genuine dispute of material fact as to whether he suffered an atypical and significant hardship.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (states can create liberty interests protected by the Due Process Clause when prison officials impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

We reject Mizzoni's unsupported claim that the magistrate judge in this case was biased against him.

**AFFIRMED.**