**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH L. MIZZONI, | No. 18-16184 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00499-MMD-WGC |
| v. | |
| STATE OF NEVADA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted January 10, 2020
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[**] District Judge.

After a physical altercation with correctional officer Christopher Smith, Plaintiff-Appellant Joseph Mizzoni, then an inmate at Nevada North Correctional Center, was found guilty of battery and sentenced at a disciplinary hearing to a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

twenty-four-month term in disciplinary segregation. He served eighteen months of this term, and could not have served fewer because of the rate at which he was authorized to accrue good-time credits under Nevada's disciplinary segregation regulations.

Mizzoni brought this 42 U.S.C. § 1983 action against Smith and hearing officer Ira Brannon alleging that Smith and Brannon deprived him of his Fourteenth Amendment right to due process by providing constitutionally inadequate process at the disciplinary hearing.[1] The district court granted summary judgment for Defendants on the ground that the conditions of Mizzoni's confinement did not implicate a liberty interest. Reviewing this judgment de novo and evaluating the evidence in the light most favorable to Mizzoni, *see Sharp v. County of Orange*, 871 F.3d 901, 909 (9th Cir. 2017), we reverse and remand.

Defendants do not contest that this term of disciplinary segregation entailed conditions of significant isolation.[2] A lengthy, functionally unreviewable term of disciplinary segregation that imposes such conditions is not meaningfully distinguishable from the confinement at issue in *Brown v. Oregon Department of*

---

[1] Additional defendants and claims were dismissed by the district court at earlier stages of the litigation, but Mizzoni does not challenge their dismissal on appeal.

[2] Mizzoni was *pro se* before the district court, and thus Defendants' concession on this point may not have been clearly reflected in the summary judgment record before the district court.

*Corrections*, 751 F.3d 983 (9th Cir. 2014).[3]  Such confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and accordingly entitles the inmate to the protections of procedural due process.  *See id.* at 987-90 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).[4]

Because we do not typically consider in the first instance issues not discussed by the district court, *see Am. President Lines, Ltd. v. Int'l Longshore & Warehouse Union, Alaska Longshore Div., Unit 60*, 721 F.3d 1147, 1157 (9th Cir. 2013), we decline to address whether Defendants are entitled to summary judgment on the ground that the procedures at Mizzoni's disciplinary hearing were constitutionally adequate, or on the basis that Defendants are entitled to qualified immunity.

**REVERSED AND REMANDED.**

---

[3] No different conclusion is warranted based on our prior unpublished decision that a different term of disciplinary segregation to which Mizzoni was previously sentenced did not implicate a liberty interest.  *See Mizzoni v. McDaniel*, 601 F. App'x 553 (9th Cir. 2015).  In that case, which involved detention at a different facility than this one, *see Mizzoni v. Nevada ex rel. Nev. Dep't of Corr.*, No. 3:11-cv-00186-LRH-WGC, 2014 WL 4162252, at *2 (D. Nev. Aug. 20, 2014), there was no apparent agreement that Mizzoni was detained in conditions of significant isolation.

[4] Because this conclusion is sufficient to warrant reversal, we do not address whether Mizzoni's disciplinary hearing implicated any further liberty interests.